# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Charles Burke

### DEFENDANTS
Town of East Hartford
Mark Sirois, Chief of East Hartford Polcie
Attorney General of Connecticut

**(b)** County of Residence of First Listed Plaintiff    Hartford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hartford
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert F. Cohen
80 Broad Street
Bristol, CT 06010

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1993 and 1988, D8 U.S.C. Sec. 2201
Brief description of cause:
False arrest, malicious prosecution, and related torts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE  05/09/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRIC COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES BURKE )<br>   Plaintiff )<br>)<br>v. )<br>)<br>TOWN OF EAST HARTFORD )<br>MARK SIROIS, CHIEF OF POLICE )<br>CONNECTICUT ATTORNEY GENERAL )<br>   Defendants )<br>)<br>_____ ) | CASE NO:<br><br><br><br><br><br><br><br><br>May 9, 2014 |

## COMPLAINT

**NATURE OF ACTION:**

1. This is an action for deprivation of civil rights pursuant to 42 U.S.C Sections 1983 and 1988, and 28 U.S.C. Section 2201, brought against the Town of East Hartford and against the now retired East Hartford Police Chief Sirois and his replacement for the deprivation of rights guaranteed to the Plaintiff by the Fourth, Tenth, and Fourteenth amendments to the United States Constitution and the Connecticut Constitution that secure for the plaintiff to be free from false arrest, malicious prosecution and for related torts under the Common Law of the State of Connecticut. This action also seeks a declaratory judgment that Connecticut General Statutes Section 53a-214 is unconstitutionally vague on its face and as applied violated the plaintiff's rights to due process under the Untied States and

Connecticut Constitutions. The Plaintiff also seeks injunctive relief from the unconstitutional application of the "criminal lockout" statute by the defendants, the Town of East Hartford and its police chief and police officers. The plaintiff also seeks monetary damages and other relief from the actions of the Town of East Hartford and its police department who unlawfully interfered with the plaintiff's livelihood. The plaintiff also makes an equal protection claim against the defendant's because they have tried to place the plaintiff in the landlord/tenant class of business owners rather than the hotel/motel class of business owners when they either arrested and/or threatened to arrest him for engaging in the entirely legal operations of his rooming houses. The plaintiff also brings supplemental state law claims pursuant to article 1, Section 7 and Section 9 of the Connecticut Constitution as well as the common law claim of malicious prosecution.

**JURISDICTION:**

2. This action is brought pursuant to Title 42, United States code §§ 1983 and 1988, also the Fourth, Tenth, and Fourteenth amendments to the United States Constitution.

3. Jurisdiction is founded upon Title 28, Untied States Code Sections 1331, 1343, and 2201, title 42 United States Code Sections1984 and the aforementioned statutory and Constitutional Provisions and Supplemental and Precedent Jurisdictions founded upon title 28, United States Code Section 1367 and Article 1 Sections 7 and 9 of the

Connecticut Constitution. All of the defendant's are residents of the State of Connecticut and the Town of East Hartford is subject to general jurisdiction in the State of Connecticut. All of the defendants committed tortious acts in the State of Connecticut from which this action arises.

**PARTIES:**

4. The Plaintiff, Charles Burke, (hereafter "the Plaintiff") has been at all times relevant to this complaint, a citizen of the United States and a resident of East Hartford Connecticut.

5. The defendant, Mark Sirios (hereafter "Sirois") during all times mentioned in this action, was duly appointed Chief of Police for the Town of East Hartford Police Department. He is sued in his individual and official capacity for monetary relief.

6. The defendant Town of East Hartford ("hereafter the Town") during all times mentioned in this action was a municipality incorporated under the laws and within the State of Connecticut. The Town is sued for monetary relief, declaratory and injunctive relief.

7. The Police and the Town defendants, during all times mentioned in the action, acted under color and pretense of law and without jurisdiction or excuse in law according to the Connecticut Statues, Statutes of the United States or the United States and Connecticut Constitutions. The unlawful action against Plaintiff constituted a policy custom or practice by the Town and the Police of utilizing the

legal process for the sole purpose inhibiting Plaintiff from carrying on a lawful occupation.

8. The Town is subject to the indemnification of the individual defendant pursuant the C.G.S.-§7-165 and 52-557.

**FACTS:**

9. (Incorporating paragraphs 1-9) The Plaintiff during all times mentioned in this action has operated rooming houses licensed by the Town of East Hartford, located at 18 Brewer Street, 26 Sisson Street, 217 and 219 Burnside Avenue.

10. Each such rooming house is a Limited Liability Company, operating as transient facilities for transient occupants.

11. The Plaintiff Charles Burke has been operating manager and president of the Limited Liability Companies licensed by the town for many years.

12. Plaintiff has paid sales tax to the State of CT. for the first 30 days of occupancy of a guest, for many years.

13. C.G.S. 53a-119 Section 7 of the theft of services shows the Plaintiff clearly belongs to the hotel/motel/inn/tourist cabin/rooming house class of business owner rather than the landlord/tenant class of business owners.

14. Plaintiff has his guest sign a special agreement explaining should they fail to pay; a lien may be placed on their goods in the room under C.G.S.-49-68 and that a lien may be placed on anyone else's gods in the room under C.G.S.-5-53a-118 § D.

15. Plaintiff is exempt from the eviction process for up to 90 days under G.G.S. 47a-2(4) (2).

16. Plaintiff has to comply with the strict fire code laws identical to those required to be complied with by hotels and motels.

17. Plaintiff is not a landlord and has no tenants as described in 47-1 § D or 47a-1 § B.

18. Plaintiff's licensed rooming houses only have roomers as described in 47a-1 § J.

20. Plaintiff sent a letter to the mayor, police chief, and corporation counsel of East Hartford about this matter in 1994.

21. The defendants have been falsely accusing and harassing the plaintiff for criminal lockout and larceny for approximately 30 years even though plaintiff has never been convicted of any of those charges.

22. C.G.S § 47a-1 (J) states that a "roomer" means a person occupying a dwelling unit which unit does not include a refrigerator, stove, kitchen, sink, toilet, shower or bathtub and one or more of these facilities are used in common by other occupants in the structure, which is consistent with the conditions of Plaintiff's rooming houses which have no kitchens of any sort shared bath rooms.

23. Connecticut General Statute C.G.S. § 47a-2 (a)(4) states that such arrangements, transient occupancy in a hotel or motel or similar lodging, are not governed by the chapter governing landlord/tenant arrangements.

25. Plaintiff's licensed rooming houses are similar lodging to a hotel or motel and are exempt from chapter 830 of the Connecticut General Statutes known as the Landlord-Tenant act until an occupant has resided therein for 90 days.

## COUNT ONE (DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983)

26. (Incorporating paragraphs 1-26) Plainitff is obligated to obey the laws, rules, and regulations of the hotel/motel class of business owners and is being denied any of the benefit of such ownership by the Town and its Police Department and is further being punished by the defendants in their unlawful application of legally inapplicable landlord tenant laws to the Plaintiff's detriment.

27. Specifically, on or about May 10, 2011 East Hartford Police Officer Jackson was present at the plaintiff's licensed rooming house at 26 Sisson St. on behalf of a roomer named Eric Garcia who occupied room number 5 at that address; although Mr. Garcia had promise to pay plaintiff money for which he was behind, Officer Jackson refused to enforce the theft of services claim alleged by the Plaintiff.

28. Plaintiff's attorney sent a letter to Chief Sirois concerning this matter, and Lieutenant Soto as well as Mayor Laclenc responded that the town had no policy on theft of services but that the Plaintiff could peruse the matter through the civil courts.

29. The Plaintiff asserts herein that theft of services is a criminal rather than a civil matter.

29. Moreover, July 6, 2011 at approximately 8 p.m., the Plaintiff terminated the occupancy of a couple named John Fanasia and Kelly Curran for disturbing other

guests and late payments. At approximately 2 a.m. on July 7, 2011 those same former guests of the rooming house broke into the room in question. Despite a complaint from the Plaintiff, the police failed arrest or remove the unlawful occupants from said room.

30. Similarly, the police report memorializing this incident is full of misstatements of fact and law, specifically referring to the former guests as tenants and the Plaintiff as a landlord and referring to the room in question as an apartment.

31. Again plaintiff sent a letter to the mayor, police chief and Corporate Counsel stating this was a matter of fundamental fairness, selective enforcement and failure of the town to protect even the minimum rights of the plaintiff. (The court should take notice that Chief Sirois, Officer Jackson and Officer Soto have been named in other lawsuits by the plaintiff).

32. On another occasion which occurred on December 7, 2011, Plaintiffs attorney Robert F. Cohen notified the Chief of Police, the mayor and corporate counsel that plaintiff was planning to remove a roomer from the premises of Room 8 at 219 Burnside Avenue at 2pm and requested an office to prevent the roomer from becoming violent or aggressive, as the roomer was disturbing other guests and fighting with her boyfriend.

33. Again the police report memorializing this was full of mistakes of fact and law, claiming that a landlord/tenant relationship between the roomer and the plaintiff and claiming that the Plaintiff was in violation of the criminal lockout laws in spite of the

fact that the roomer had been there for only 21 days, which mistake led once again to the Plaintiff being falsely arrested.

34. Similarly, on March 11, 2013, Plaintiff removed a roomer (Brenda Bedoin) from room #7 at 26 Sisson Street because she was addicted to drugs and had set a bed on fire. Ms. BBeaudoin was removed for public safety reasons, and subsequently overdosed approximately 6 moths later.

35. In spite of the fact that Ms. Beaudoin had signed a special agreement which clearly stated that all occupant of the rooming house are transient and are not going to establish a home or residence there and further that a line may be placed on their goods if they fail to pay for their room Ms. Bedoin called the police. Police Officer M. Allen responded to the scene and filed a police report that contained more factually inaccurate information mischaracterizing the relationship between Ms. Beaudoin and the Plaintiff as landlord/tenant relationship, the rooming house as a residence or home, the agreement as a lease, and the actions of the Plaintiff as a larceny.

37. Defendants falsely and maliciously made aforementioned material misstatements and omitted exculpatory facts from the arrest warrant. The police advised roomer to break back into room.

38. Defendant Police Chief Sirois, in his capacity as the policy maker for the Town of East Hartford failed in properly training officers.

39. As such, on March 12, 2013 plaintiff's attorney sent a letter to the defendants informing them that the Plaintiff would once again remove Ms. Beaudoin at 10:00 a.m. March 13, 2013.

40. The police came and they removed Ms. Beaudoin on that date, and by doing so tacitly admitted their wrongdoing the day before; however, shortly after doing so Police Officer Allen prepared an affidavit for an arrest warrant of the Plaintiff using many of the same mischaracterizations he had made in his police report the day before and falsely arresting the Plaintiff, who had violated no laws.

41. On October 2, 2013 plaintiff's attorney Robert F. Cohen sent a letter to the Defendants complaining about theft of services on the part of roomers at the Plaintiff's locations committed by roomers but no arrests were made.

42. After receiving this letter from the Plaintiff's attorney, the Defendants still threatened the Plaintiff with unlawful arrest if he did not release the roomers' goods in spite of the fact that the Plaintiff placed a lawful lien on said roomers' goods and said roomers remained in the plaintiff's premises for another three weeks.

**FIRST CAUSE OF ACTION:**

43. The allegations set forth in paragraphs 1-42 are hereby incorporated by reference as if fully set forth herein.

44. Plaintiff's attorney provided information to Chief Sirois that plaintiff was completely within his rights in all of his actions in dealing with roomers.

45. Incorporating paragraph 1-44

46. The defendants, during all times mentioned in this action, acted under color of law of the constitution and statutes of both the United States and The State of Connecticut, the laws, charter, ordinances, policies, rules, regulations, customs and usage of the State of Connecticut and the Town of East Hartford.

47. The defendants by their conduct violated the equal protection rights, the procedural due process rights and substantive due process rights guaranteed to the plaintiff by the 14th Amendment to the constitution of the United States.

48. The defendant by their conduct violated the 10th Amendment of the U.S. Constitution by interfering and impairing the obligation of the plaintiff contract.

49. The defendant by their conducted violated plaintiff 4th amendments rights by falsely arresting Plaintiff without probable cause.

**SECOND CAUSE OF ACTION:**

50. Paragraphs 1-49 are incorporated in as if fully set forth herein.

51. The aforementioned conduct of the Defendants violates the Plaintiff's rights as C.G.S. 53a-214 is unconstitutionally vague.

52. The actions of the defendants violated the plaintiff's right to equal application of the law.

53. The Plaintiff was charged with crimes the Defendants knew were invalid and supplanted their arrest warrant and affidavit with false information to establish probable cause.

54. The Town and Police Chief had the joint and several the legal duty to establish, enforce, direct, supervise, establish and control policies, customs, practices, usages and procedures to be used by police officials.

55. The Defendants fostered and encouraged and atmosphere of lawlessness repression and a repetitive policy, custom, and practice of aggressive, abusive and discriminatory behavior.

56. The procedures toward Plaintiff represent the policy, practice, custom, usage and procedure of the town and Chief Sirois and his officers who continue to threaten and falsely arrest plaintiff.

57. In furtherance of this illegal and unconstitutional policy's the Defendants conspire with the State's Attorney's so that these unlawful charges be and prosecuted despite the fact they are baseless.

58. Defendants seek to put plaintiff out of business.

60. The acts of the Defendants are in violation of U.S.C. § 1983 the Fourth, Tenth and Fourteenth Amendments of the US Constitution and Article First § 7 and 9 of the Connecticut Constitution which violate the equal protection, procedural and substantive due process of the Fourteenth Amendment plus the freedom to contract clause or the Tenth Amendment.

61. The plaintiff seeks declaratory judgment that these policies are in violation of the US Constitution and injunctive relief from the court that they be ceased immediately.

62.  Despite having no probable cause to arrest, the Defendants continue to knowingly falsely charge the Plaintiff forcing him to make numerous court appearances, causing him humiliation.

63.  Defendants unlawful activity in front of the Plaintiff's roomers made it much more difficult for the Plaintiff to carry on his business.

64.  Defendants Sirois and the Town manipulated the prosecution to cover up their misconduct and the liability of the Town of East Hartford.

65.  Defendants actions were willful and outrageous trying to punish Plaintiff for standing up for his rights under the US and Connecticut Constitution and the laws there of.

66.  Defendants conduct was willful and egregious entitling Plaintiff to and award of punitive damages.

67.  Connecticut General Statute § 53a-214, facially and as applied in this case was unconstitutional vague and violated plaintiffs right to due process of law under the Fourth, Tenth and Fourteenth amendments to the US Constitution and article 1 § 7, 8, 9 of the Connecticut Constitution.

68.  The language of the statute fails to provide "fair warning" what constituted "criminal lockout" of a roomer.

69.  The language of the statute fails to define what premises are subject to violation of C.G.S. § 53a-214.

70. The defendants town and police chief have refused or neglected to promulgate clear, constituent reasonable regulations, policies and definitions for C.G.S. § 53a-214. Sometimes they remove the roomer and sometimes they will arrest plaintiff.

71. Pursuant to 28 USCS § 2201 plaintiff seeks a declaratory judgment that the C.G.S. § 53a-214 as applied violates the rights of the plaintiff and the US Constitution

72. Pursuant to 28 USCS § 2201, plaintiff seeks a declaratory judgments that the C.G.S. § 53a-214 as applied violates the rights of plaintiff and US Constitution.

**THIRD CAUSE OF ACTION:**

73. The allegations set fourth in paragraphs 1-72 are hereby incorporated by reference as if fully set forth herein.

74. Pursuant to C.G.S. § 52-557 the defendant Town of East Hartford is liable for damages inflicted by the individual defendants pursuant to the common law claims.

PLAINTIFF, CHARLES BURKE

By, _____
Robert F. Cohen, His Attorney
580 Broad Street
Bristol, CT  06010
Fed ID 06566CT

## JURY DEMAND

The plaintiff request a Trial by Jury

                                        PLAINTIFF, CHARLES BURKE

By, _____
      Robert F. Cohen, His Attorney
      580 Broad Street
      Bristol, CT  06010
      Fed ID 06566CT

WHEREFORE, the Plaintiff claims:

1. Compensation, money damages;

2. Injunctive and declaratory judgment that C.G.S. 53a-214 is unconstitutional;

3. Punitive or exemplary damages;

4. Attorney Fee's as provided by 42 U.S.C. § 1983 and 1988;

5. Common law attorney's fees;

6. Such other relief as in equity may pertain.

PLAINTIFF, CHARLES BURKE

By, _____
Robert F. Cohen, His Attorney
580 Broad Street
Bristol, CT  06010
Fed ID 06566CT