UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES BURKE, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 14-CV-662 (JCH) |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD AND | : | |
| MARK SIROIS, CHIEF OF POLICE | : | APRIL 11, 2016 |
|     Defendants. | : | |

**RULING RE: MOTION TO RECONSIDER (DOC. NO. 45)**

Before the court is Charles Burke's Motion to Reconsider (Doc. No. 45). Burke makes his Motion under Federal Rules of Civil Procedure 8 and 59(b). Id. at 1. He seeks reconsideration on the basis of police reports concerning an arrest other than the one at issue in his Complaint, and because "he has stated a valid cause of action." Id. The defendants oppose the motion.

The court first observes that Rules 8 and 59(b), which respectively concern rules of pleading and the appropriate time period in which to file a motion for a new trial, are improper bases for a motion for reconsideration. See Fed. R. Civ. P. 8 & 59(b). The proper basis for a motion for reconsideration is Rule 7(c) of the Local Rules of Civil Procedure. See D. Conn. L. Civ. R. 7(c).

The court will nonetheless construe Burke's Motion as one for reconsideration of the court's ruling under Local Rule 7(c). Having so construed his Motion, the Motion is denied.

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for reconsideration where the moving party seeks only to re-litigate an issue already decided.  See id.  In general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

To the extent that Burke has raised any arguments at all, those arguments have been fully considered and addressed in the court's Ruling (Doc. No. 43).  Further, the evidentiary material submitted with his Motion was never part of the record and consequently could not have been overlooked by the court in its Ruling.  Eisemann, 204 F.3d at 395 n.2.  Burke has not met the strict standard required for reconsideration.

Consequently, Burke's Motion for Reconsideration (Doc. No. 45) is **DENIED**. **SO ORDERED**.

Dated this 11th day of April, 2016, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge